**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

March 12, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DANNY D. HOBBS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1231** (BOR Appeal No. 2047113)
                    (Claim No. 2003006332)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**SIMMONS FORK MINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Danny D. Hobbs, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2012, in which the Board affirmed an April 5, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 8, 2011, decision which denied a request for referral for a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hobbs, an equipment operator, injured his lower back in the course of his employment when the piece of heavy equipment he was operating backed over a large rock causing it to fall into a hole and stop suddenly. His claim was held compensable for organic anxiety syndrome; organic affective syndrome; and sprain/strain of the neck, lumbosacral, and lumbar regions. An MRI taken in September of 2002 revealed degenerative discs at L1-2 and L4-S1 with moderate disc space narrowing. There was also a mild degree of hard disc protrusion noted at L5-S1. An MRI taken in March of 2010 also showed degenerative changes in the lumbosacral spine as well as scoliosis in the lower thoracic spine. Mr. Hobbs presented to the emergency room on December 2, 2011, with complaints of numbness in his back and legs. He reported that he fell at home two weeks prior and had experienced pain and numbness since. A lumbar MRI revealed a moderately large L3-4 disc herniation and a small L2-3 posterior disc bulge. A cervical MRI showed degenerative discs with small bulges and spurs as well as mild cord displacement from a disc protrusion at C5-6. The petitioner was seen by Sai Gutti, M.D., on January 5, 2012. His treatment note indicates Mr. Hobbs was examined by another physician who recommended surgery. The claims administrator denied a request for referral for a neurosurgical consultation on December 8, 2011.

The Office of Judges affirmed the decision of the claims administrator in its April 5, 2012, Order. It found that Mr. Hobbs's compensable injury occurred on July 18, 2002. The compensable injuries in the claim consisted of strains, and there was no compensable injury involving a herniated disc. The MRI performed in September of 2002, after the compensable injury, failed to reveal a herniated disc. Mr. Hobbs reported that he fell at home two weeks prior to the discovery of a herniated disc. He then began experiencing numbness and pain in his back. The Office of Judges determined that it appeared that the injury at home necessitated the December 2, 2011, treatment. It held that the neurosurgical consultation was requested to treat Mr. Hobbs's December of 2011 injury and not the compensable 2002 injury that occurred nearly ten years prior.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 5, 2012, decision. The evidentiary record indicates that Mr. Hobbs did not have a herniated disc following his compensable injury in July of 2002. The disc herniation did not appear until after he fell at home and injured his back in December of 2011. The decision of the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II